## Case No. 7,161.

### JACOBS v. HAMILTON COUNTY.

[4 Fish. Pat. Cas. 81; 1 Bond, 500.] [1]

Circuit Court, S. D. Ohio. Jan., 1862.

---

[1] [Reported by Samuel S. Fisher, Esq., and by Lewis H. Bond, Esq., and here compiled and reprinted by permission.]

George M. Lee and S. S. Fisher, for plaintiff.

W. S. Scarborough and E. A. Ferguson, for defendants.

LEAVITT, District Judge. This is an action on the case against the board of commissioners of Hamilton county for an alleged infringement of the plaintiff's exclusive right to certain improvements in the construction of jails, secured to him by a patent granted by the United States.

The declaration is in the usual form, averring that the defendants "unlawfully and unjustly, against the will of said plaintiff and without his leave or license," made certain prisons in imitation of the plaintiff's invention, and in violation of his exclusive right under his patent, for which he claims a large sum in damages. To this declaration the defendants have filed a general demurrer, which presents the question now before the court.

There can be no controversy as to the nature of the claim against the defendants as asserted in the declaration. It is a claim against the commissioners of Hamilton county, as a body corporate under the laws of Ohio, for an alleged act of malfeasance committed by them in their corporate character. It is equally clear that, if damages are recovered for the wrongful act charged, they can only be paid out of a fund raised, or to be raised, by taxation on the property of the people of the county.

It is not denied by the counsel for the defendants that corporations created by law, enjoying special franchises conferred for the benefit of its members, as well as for the public good, are liable for acts of misfeasance, malfeasance, or nonfeasance, if injuries result to others from such acts. But it is insisted that, under the laws of Ohio, the board of commissioners of a county is not such a corporation, and is not liable in an action sounding in tort.

It is clear this question must be decided by a reference to the statutes of Ohio, creating a board of commissioners in every county of the state, and defining their powers and duties. Unless the legislative power of the state, either by express enactment, or by clear implication, has imposed a liability on the people of a county to respond to an injured party for damages sustained by the wrongful acts of the commissioners, it does not exist, and can not be enforced. Now, it is undoubtedly true that the laws of Ohio have imposed it as a duty on the commissioners of every county to provide a court-house and jail, and such other buildings as are needful for the due administration of justice or other specified purposes. But we look in vain for any provision in those laws authorizing the commissioners to do a wrongful act, and pledging the property or the funds of the county to respond in damages for such act.

But the question involved in this case has been settled by the supreme court of Ohio, and the decision of that court is authoritative on this court. It involves a construction of the statutes of Ohio, relating to the powers and duties of county commissioners, and by the long-settled rule of the supreme court of the United States, scrupulously followed by the lower courts of the Union, such a decision, even if against the views and opinions of those courts, will constitute a rule of decision for them.

The case of the Commissioners of Hamilton Co. v. Mighels, 7 Ohio St. 109, is decisive of the case before this court. In that case Mighels brought suit against the commissioners, alleging, in substance, that in the progress of the construction of the county court-house, a certain opening or hole in the stairway leading from the first to the second story of the building was negligently suffered to remain without any guard or protection, and that the plaintiff, in pursuit of his lawful business, fell into it, thereby sustaining serious bodily injuries for which he claimed compensation.

In deciding that case the court, after an extended review of the legislation of the state as to the powers and duties of the board of county commissioners, were brought unanimously to the conclusion that they were not liable to the suit of the plaintiff, so far as he claimed damages from the county, for the alleged wrongful acts of the commissioners. The court held that, although the statute conferred on the commissioners the power of suing and being sued, which is a capacity or attribute of a corporation, the board was only a quasi corporation; and that its power to sue, and its liability to suit, must be controlled and limited by the terms of the statute prescribing in what cases such power and liability existed. And as the power to sue and liability to suit were limited to cases of contract, the statute could not by implication be extended to the case of a tort. The court say: "It is worthy of notice that this statutory enumeration of the matters in respect to which the board of commissioners may sue, is confined to matters of contract. As to all actions, or subject matter of actions sounding in tort, the statute is silent." And in the closing paragraph of the opinion of the court on the point in question, the court says: "We conclude, therefore, whether we look solely to the language of our statute and apply to it those principles of construction which seem to be indicated by the narrow range of the objects and purposes of the county organization, or are governed by the light to be de-

rived from analogous cases elsewhere determined, that if this action can be maintained at all, a foundation for it must be found elsewhere than in the provisions of our statute."

The case referred to must be viewed as decisive of the question raised on this demurrer. It can make no difference in the principle of the two cases, that in the case before the supreme court of Ohio, the tort charged, and for which it was sought to make the board of county commissioners liable in their official capacity, was an act of nonfeasance, while in this it is an act of misfeasance. The principle involved is precisely analogous, whether the cause of action alleged is the wrongful omission to perform a duty, or a positive act of misfeasance. In either case there is no law by which the people of a county are responsible to the injured party for an injury sustained by the tort. The right to recover in either case must rest on an express statutory provision. There can be no pretense of any such right, in virtue of the common law. This proposition is beyond all doubt in an action for the infringement of a patent right granted under the laws of the United States. The patent itself, with all the privileges which it confers, is the creature of the statute; and, it is clear, there can be no remedy for a violation of a patent, except as it is conferred by the statute.

I am not able to see the force of the argument, urged by plaintiff's counsel, that he may be without a remedy for his alleged wrong, unless this action can be sustained against the board of commissioners. It is urged that the grant to the plaintiff secures to him the exclusive right to make, use, and vend the patented improvement, without any exception or reservation. Hence, it is insisted, if any person or corporation can violate it with impunity, the patentee suffers a wrong without the possibility of a redress. To this it may be replied, that the tax-payers of the county, being the parties alone interested, and virtually the defendants in the action, have had no agency in the commission of the alleged wrong. They have neither violated the plaintiff's rights, nor have they authorized the commissioners, as their agents, to do so. There would be no justice, therefore, in holding that their funds, contributed in the form of taxes, should be applied to the payment of damages for an act not authorized by them, and which has no sanction in the laws of the state.

But the plaintiff is not without remedy if there has been an infringement of the plaintiff's patent, as alleged by him. The fact alleged in the declaration is that the injury to the plaintiff consisted in the unlawful use, by the defendants, of certain improvements in the construction of iron prisons, embraced in the patent. Now, the court will take notice, that, by the statute of Ohio, the county commissioners can authorize the erection of buildings for the use of the county only by contract. As a necessity, therefore, there must be a contractor, who obligates himself to do the work according to a proposed plan or specification, for a fixed compensation. There can be no question, that if the contractor, in the fulfillment of his obligation, violates the patent right of another, he is answerable for the infringement. He can not defend himself against the claim of the patentee by asserting that he committed the wrong under a contract with the county commissioners. It was his own folly to have imposed on himself such an obligation, and he alone is responsible for the injury which another may sustain as the consequence. If he had foreknowledge that the work he had bound himself to perform involved an infringement of a patent right, it was his business to have procured a license for the use of the improvement; and, failing to do so, he takes on himself the responsibility of a violation of the patent. If he entered into the contract in ignorance of the fact that the work he had agreed to do would violate a patent right, he is not, therefore, protected from liability. This fact may have a bearing on the question of the amount of damages to be recovered, but does not destroy the right of action by the injured party. And it is no answer to this view of the subject, that cases may occur in which the patentee may fail in the enforcement of his just rights by the insolvency or irresponsibility of the contractor. This is an incident often connected with cases of legal liability, which can have no influence upon the application of known and settled legal principles. Such a result may be a great misfortune to a losing party, but can not furnish a reason for casting responsibility upon another party, not legally chargeable with it.

The question whether the commissioners are liable, personally and individually, for the infringement charged in the plaintiff's declaration, is not before the court for its decision, and has received no consideration.

Upon the whole, the demurrer must be sustained.